HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TORI BELLE COSMETICS LLC, | Case No. 2:21–cv–00066-RSL |
| Plaintiff, | |
| v. | JOINT STATUS REPORT & DISCOVERY PLAN |
| NATALIE MEEK, et al., | |
| Defendants. | |

As required by Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 26(f), and the Court's February 2, 2021 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 10), Plaintiff Tori Belle Cosmetics LLC ("Tori Belle" or "Plaintiff") and Defendants Natalie Meek, Jennifer L. Russo, Kinzie Jones, Anna Hone, Johnette Rutledge, Scott R. Seedall, Juvenae LLC, and Juvenae Holdings LLC (collectively, "Defendants") jointly submit the following report and discovery plan:

1. **Statement on nature and complexity of the case.**

   A. Plaintiff's Statement

   Plaintiff asserts that Natalie Meek, Jennifer L. Russo, Kinzie Jones, Anna Hone, Johnette Rutledge (together, the "Ex-Affiliate Defendants") were high-ranking members of Plaintiff's sales

JOINT STATUS REPORT & DISCOVERY PLAN - 1
Case No. 2:21–cv–00066-RSL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and marketing network ("Affiliates") who generated millions of dollars in revenue and had access to Plaintiff's trade secrets and confidential, proprietary business information. In late 2020, the Ex-Affiliate Defendants defected from Plaintiff, joined Juvenae, a competing enterprise comprised of at least two entities of which Plaintiffs are aware, Juvenae Holdings LLC and Juvenae LLC (together, "Juvenae"). The Ex-Affiliate Defendants began poaching (and continue to poach) numerous Affiliates from Plaintiff, in violation of their contractual duties to Plaintiff. Defendants also misappropriated Plaintiff's trade secrets to launch products for Juvenae and tortiously converted Plaintiff's proprietary training resources for Juvenae's benefit.

Plaintiff alleges that Juvenae knew of, authorized, approved of, directed, assisted with, encouraged, ratified, and/or accepted this conduct, and that the Ex-Affiliate Defendants coordinated closely with Juvenae throughout the process. Plaintiff alleges that Juvenae CEO Scott Seedall personally worked with the Ex-Affiliate Defendants to, among other things, implement and support this scheme and provide misleading information to throw Plaintiff off the trail of what Defendants were doing.

Plaintiff has sued for breach of contract (Count I), tortious interference (Counts II, III, IV.A, and IV.B), violation of the Defend Trade Secrets Act ("DTSA") (Count V), civil conspiracy (Count VI), and conversion (Count VII). Plaintiff seeks injunctive relief to cease further contractual violations, an award of compensatory damages, double damages and attorneys' fees under the DTSA, and such other and further relief as the Court deems just and equitable.

B. Defendants' Statement

Defendants deny Plaintiff's claims, and more specifically deny that they solicited Plaintiff's Affiliates, misappropriated any trade secrets, or conspired to do the same. From what we can tell at this point, all or some of Plaintiff's claims will fail at the Rule 12 stage. Apart from that, much of the relevant information—particularly the trade secret information—will be in Plaintiff's not Defendants' possession. While discovery may be time consuming, it is not

JOINT STATUS REPORT & DISCOVERY PLAN - 2
Case No. 2:21–cv–00066-RSL

necessarily complex.  This is a straightforward case.  Pending the outcome of the motion to dismiss, Defendants may assert defenses, affirmative defenses, and potential counterclaims.

**2.      Proposed deadline for joining additional parties.**

June 30, 2021.

**3.      Assignment to U.S. Magistrate.**

The Parties respectfully do not consent to have this case assigned to a U.S. Magistrate Judge.

**4.      Related cases.**

A.  Plaintiff's Statement

Plaintiff recently filed a separate case against an unrelated defendant, *Tori Belle Cosmetics LLC v McKnight*, No. 2:21-cv-00145-BJR. That case does not meet the criteria for being a "related case" under LCR 3(g)(4), because it does not "concern substantially the same parties, property, transaction, or event," nor does it "appear[] likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges."

B.  Defendants' Statement

On February 4, 2021, Plaintiff filed *Tori Belle Cosmetics LLC v. McKnight*, No. 2:21-cv-00145-BJR, in the United States District Court for the Western District of Washington.  That case has been assigned to Judge Barbara A. Rothstein.  Although Defendants are not parties to that case, that case may be related because there is "potential for conflicting results if [that case is] conducted before [a] different judge[]." LCR 3(g)(4).  In that case, like ours, Plaintiff alleges that the defendant violated its independent contractor agreement when it solicited Tori Belle Affiliates to join a competing business enterprise.  Central to the resolution of that case, as well as here, is Plaintiff's assertion that Tori Belle Affiliates gave up property rights in their social media friends, followers, and presences.  In both cases the enforceability of the Tori Belle independent contractor

JOINT STATUS REPORT & DISCOVERY PLAN - 3
Case No. 2:21–cv–00066-RSL

agreement and the ownership of the Affiliates' social media friends, followers, and presences are at issue.  At this point, Defendants take no position on whether the cases ought to be consolidated, but reserve the right to do so as the cases progress.

**5.    Initial disclosures.**

The Parties exchanged initial disclosures on February 23, 2021.

**6.    Expert and pretrial disclosures under FRCP 26(a)(2)–(4).**

Other than as described in the proposed case schedule in Part 13, below, the Parties do not believe any changes should be made in the timing or form of expert and pretrial disclosures under FRCP 26(a)(2)–(4).

**7.    Subjects, timing, and potential phasing of discovery; how the Parties will manage discovery to promote expeditious and inexpensive resolution; and consideration of items in LCR 26(f)(1)(D).**

The Parties believe that fact discovery should close before the close of expert discovery and have proposed discovery cutoff dates to that effect. *See infra* Pt. 13.  The Parties agree to take depositions, produce documents, and conduct third party discovery consistent with the Federal Rules of Civil Procedure.  The Parties also agree to seek inexpensive resolution of the case whenever possible and as necessary, including but not limited to by scheduling discovery or case management conferences and presenting discovery disputes to the court by informal means.

A. Plaintiff's Statement

Plaintiff believes that discovery will take several months. Plaintiff expects to take discovery regarding the claims and defenses in this case, including, but not limited to, the following: Defendants' communications with and among one another relevant to Plaintiff's claims or Defendants' defenses; the Ex-Affiliate Defendants' compliance with their contractual duties; the extent to which other persons were involved in the alleged conduct; Juvenae's development of a competing false eyelash product; the misappropriation of a Tori Belle Facebook group; the extent to which post-departure poaching violates established industry customs, standards, or practices; the magnitude of Plaintiff's injury resulting from Defendants' conduct; Defendants' document

JOINT STATUS REPORT & DISCOVERY PLAN - 4
Case No. 2:21–cv–00066-RSL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  retention and preservation practices; and identification of other facts and documents that support

2  the assertions in the Complaint.

3       Plaintiff anticipates that third-party discovery may be needed. Plaintiff also anticipates

4  designating one or more expert witnesses and expects both parties to engage in expert discovery.

5  It may also be necessary to conduct digital forensics of ESI storage facilities in Defendants' control

6  if there are document preservation issues involving social media.

7       Staying or postponing discovery would prejudice Plaintiff by delaying its right to prosecute

8  its claims. It is not enough that Defendants would rather see if they can get some claims dismissed

9  before participating in discovery. Defendants do not assert any bars to discovery (e.g., qualified

10  immunity, the PSLRA), and they admit their planned motion (the basis for which is unknown)

11  may well fail to secure a blanket dismissal, much less with prejudice. Pt. 1.B ("[A]ll *or some* of

12  Plaintiff's claims will fail at the Rule 12 stage." (emphasis added)).

13      B.  <u>Defendant's Statement</u>

14       For the reasons that will be stated in Defendants' forthcoming motion to dismiss,

15  Defendants do not believe any discovery is warranted.

16       While Defendants' motion is pending, Defendants do not believe any discovery should

17  occur.  If Plaintiff disagrees and would like to proceed with discovery before or during the

18  pendency of Defendants' motion to dismiss, Defendants will seek an order requiring Plaintiff to

19  identify with reasonable particularity the trade secrets allegedly misappropriated before any

20  discovery may be sought from Defendants.

21       Should the Court deny Defendants' motion to dismiss, aside from seeking identification of

22  Plaintiff's trade secrets, Defendants will seek discovery on Plaintiff's claims and Defendants'

23  defenses, including but not limited to: Plaintiff's agreements with Meek, Russo, Jones, Hone, and

24  Rutledge; training provided by Plaintiff to Meek, Russo, Jones, Hone, and Rutledge related to the

25  multi-level marketing and Plaintiff's products; the creation and control of social media pages used

26  to train Tori Belle Affiliates; the creation and control of Meek, Russo, Jones, Hone, and Rutledge

JOINT STATUS REPORT & DISCOVERY PLAN - 5
Case No. 2:21–cv–00066-RSL

social media contacts and presences; customer and Affiliate concerns about Plaintiff's products, corporate culture, and Affiliate compensation; the nature and extent of alleged damages Plaintiff seeks; and the identification of other facts and information that support Defendants' defenses, affirmative defenses, and any potential counterclaims.  These categories are non-exhaustive and Defendants reserve the right to seek discovery on other topics as the case develops.

**8.     Preservation of discoverable information.**

The Parties each state that they have taken reasonable steps to ensure the preservation of documents and records relevant to this case, including on social media platforms.

**9.     Electronically stored information.**

The Parties expect that discovery will involve electronically stored information ("ESI"), including text messages, email messages, phone records, and records relating to social media activity. The Parties will enter into and file with the Court a stipulation regarding the format and specifications for the production of documents, including ESI, as informed by the Western District's Model Agreement Regarding Discovery of Electronically Stored Information. The Parties intend to work cooperatively regarding discovery, including discovery of ESI, and will appropriately confer regarding any issues that arise, keeping in mind the proportionality standard in Rule 26(b) of the Federal Rules of Civil Procedure.

**10.    Privilege issues.**

The Parties agree that any privileged or work-product information generated by litigation counsel after the date of the filing of Plaintiff's complaint is not required to be listed in privilege logs.

A.   Plaintiff's Statement:

As described in Plaintiff's Complaint, for a time, Defendant Scott Seedall purported to act as an attorney for Ms. Meek, who is one of his co-defendants. The fact that a defendant in this case is an attorney who might claim to have represented a co-defendant creates a potential for there to

JOINT STATUS REPORT & DISCOVERY PLAN - 6
Case No. 2:21–cv–00066-RSL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

be unique privilege issues and related disagreements. Plaintiff believes the Parties can address any such issues as and when they arise and will involve the Court only if appropriate.

B.      Defendant's Statement:

Notwithstanding Plaintiff's statement above and the fact that Defendant Scott Seedall is Juvenae's General Counsel, Defendants do not believe this case will involve any unique or extensive claims of privilege or work-product protection.

**11.    Procedures for handling the inadvertent disclosure of privileged information.**

The Parties agree that in the event privileged information is inadvertently produced, they will follow the provisions of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. The Parties also agree that they will, in connection with submitting a stipulated protective order, ask the Court to enter a non-waiver order under Rule 502(d) of the Federal Rules of Evidence.

**12.    Proposed limitations on discovery.**

The Parties expect that they will submit a proposed stipulated protective order for the Court's consideration based on the Western District's Model Stipulated Protective Order.

A.  Plaintiff's Statement

Plaintiff incorporates by reference the final paragraph of Plaintiff's Statement in Part 7.A, above. The Ex-Affiliate Defendants' personal financial and family situations have no bearing on whether they are liable for violating duties to Plaintiff, or on Plaintiff's right to take discovery in the ordinary course regarding its claims. The Federal Rules of Civil Procedure already oblige the Parties to avoid unnecessary expense and to litigate in a fair and efficient manner. Plaintiff has adhered and will continue to adhere to that obligation including with respect to any electronically stored information stipulation the parties may negotiate.

B.  Defendants' Statement

For efficiency, Defendants believe that discovery should be stayed during the pendency of Defendants' forthcoming motion to dismiss. *See also supra* Part 7.B.  Defendants Meek, Russo, Jones, Hone, and Rutledge are primarily stay-at-home or single parents with young children who

JOINT STATUS REPORT & DISCOVERY PLAN - 7
Case No. 2:21–cv–00066-RSL

can ill afford to engage in discovery that may not be relevant after the court rules on Defendants' motion to dismiss.  But if discovery is to proceed before Defendants' motion to dismiss is resolved, for similar reasons of efficiency, Defendant believes Plaintiff should be required to identify with reasonable particularity the trade secrets allegedly misappropriated before any discovery may be sought from Defendants.

**13.     Date by which discovery can be completed.**

The Parties believe it will be possible to complete discovery by the end of December 2021. Based on the foregoing, the Parties respectfully request that the case management order incorporate the following discovery and motion deadlines:

| Event | Date |
| --- | --- |
| Close of Fact Discovery | October 29, 2021 |
| Opening Expert Reports | November 1, 2021 |
| Rebuttal Expert Reports | December 1, 2021 |
| Close of Expert Discovery | January 7, 2021 |
| Dispositive Motions (last day to file) | February 22, 2022 |

**14.     Suggestions for the prompt and efficient resolution of the case such as the phasing of motions, or bifurcating issues for trial.**

As set forth in the previous paragraph, the parties agree to bifurcate fact and expert discovery in order to more efficiently proceed through each. The parties otherwise agree that motion practice need not be phased and trial need not be bifurcated at this time. The parties have agreed to accept service of filings and discovery papers electronically, and the parties agree to otherwise cooperate on efficiently litigating the case.

A.  Plaintiff's Statement

Plaintiff incorporates by reference the final paragraph of Plaintiff's Statement in Part 7.A, above. Following, rather than deviating from, the Federal Rules of Civil Procedure is the best way

JOINT STATUS REPORT & DISCOVERY PLAN - 8
Case No. 2:21–cv–00066-RSL

1  "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.

2  R. Civ. P. 1. That is why the parties should simply proceed with discovery in the ordinary course.

3      B.  <u>Defendants' Statement</u>

4      Defendants include several individuals, all of whom have limited means.  Efficiently

5  litigating this case is important.   Accordingly, Defendants suggest staying discovery until

6  Defendants' motion to dismiss is resolved, and Plaintiff's trade secrets are identified with

7  particularity.  Once the parties have a better understanding of the claims at issue in this case, and

8  any potential counterclaims, they can approach discovery in a more efficient and targeted manner.

9  Before that, the parties will be wasting time and resourcing on discovery into matters that may not

10  be relevant to this case after Defendants' motion is resolved.

11  **15.    Alternative dispute resolution.**

12      The Parties are amenable to participating in an alternative dispute resolution process.

13  Settlement efforts may be productive, and the Parties will seek opportunities to do engage in

14  settlement discussions as appropriate.

15  **16.    Trial date**

16      The Parties believe this case will be ready for trial in or around April 2022.

17  **17.    Jury or non-jury trial.**

18      Plaintiff has demanded a jury on the claims asserted in the Complaint.

19  **18.    Days for trial.**

20      The Parties anticipate that trial of this case will require approximately two weeks.

21  **19.    Corporate disclosure statements.**

22      Tori Belle Cosmetics LLC filed a corporate disclosure statement on January 27, 2021.

23  Dkt. 8.

24      Defendants Juvenae Holdings LLC and Juvenae LLC each filed a corporate disclosure

25  statement on February 2, 2021. Dkt. 12, 13. Defendants Juvenae Holdings, LLC and Juvenae LLC

26  anticipate filing amended corporate disclosure statements as soon as practicable.

JOINT STATUS REPORT & DISCOVERY PLAN - 9
Case No. 2:21–cv–00066-RSL

1

DATED March 1, 2021.

2

3

K&L GATES LLP                                    PERKINS COIE LLP

4

By: *s/Peter A. Talevich*_____                 By: *s/David A. Perez*_____
Peter A. Talevich, WSBA # 42644                   By: *s/Elvira Castillo*_____

5

By *s/Daniel-Charles V. Wolf*___                  By: *s/Cara Wallace*_____

6

Daniel-Charles V. Wolf, WSBA # 48211              By: *s/Reina Almon-Griffin*

7

925 Fourth Ave., Suite 2900                       David A. Perez #43959

8

Seattle, WA  98104-1158                           Elvira Castillo #43893
Phone: (206) 623-7580                             Cara Wallace #50111

9

*peter.talevich@klgates.com*                      Reina Almon-Griffin #54651
*dc.wolf@klgates.com*                             1201 Third Avenue, Suite 4900

10

                                                  Seattle, WA 98101-3099
Desiree F. Moore, admitted *pro hac vice*         DPerez@perkinscoie.com

11

70 West Madison Street, Suite 3300                ECastillo@perkinscoie.com
Chicago, Illinois 60602                           CWallace@perkinscoie.com

12

Phone: (312) 372-1121                             RAlmon-Griffin@perkinscoie.com
*desiree.moore@klgates.com*                       Phone: 206.359.6767

13

Attorneys for Plaintiff                           Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATUS REPORT & DISCOVERY PLAN - 10
Case No. 2:21–cv–00066-RSL