UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORI BELLE COSMETICS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>NATALIE MEEK, *et al*.,<br><br>    Defendants. | Cause No. C21-0066RSL<br><br>ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME |

  This matter comes before the Court on the motion of plaintiff/counterclaim defendant Tori Belle Cosmetics, LLC, and counterclaim defendant Laura Hunter for an extension of time in which to respond to pending motions and to pursue discovery. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

  1. The moving parties and their prior counsel controlled the timing of counsels' withdrawal. The fact that they chose to end their relationship after having filed a motion to dismiss but before briefing was complete is not good cause for allowing a belated reply.

  2. Meek speculates that withdrawing counsel were ethically barred from continuing to represent the moving parties. Although there is no support for this assertion, if Meek believed it, her decision to file a motion for summary judgment as soon as the break in the representation was made known and more than four months before the dispositive motions deadline can only

ORDER GRANTING IN PART
MOTION FOR EXTENSION OF TIME - 1

be seen as an attempt to gain an unfair tactical advantage against newly-unrepresented parties. Allowing the moving parties to respond to the motion for summary judgment now that they have counsel will avoid the potential for an unjust result and will not unduly prejudice Meek.

3. Discovery opened in this matter in February 2021. At Tori Belle's insistence, the Court denied defendants' request to stay discovery while defendants' motion to dismiss was being briefed and decided. Thus, the moving parties had over a year and a half before counsel withdrew from the representation to serve discovery and follow up on any deficient responses. If, as asserted by newly-retained counsel, defendants failed to respond to discovery served in 2021 and no discovery has been served with regards to Meek's counterclaims, the moving parties have failed to show that they were diligent in attempting to comply with the case management deadlines. In the absence of good cause, the request to extend the discovery deadline will be denied.

//

//

//

ORDER GRANTING IN PART
MOTION FOR EXTENSION OF TIME - 2

For all of the foregoing reasons, the motion for extensions of time is GRANTED in part. The Clerk of Court is directed to renote Meek's motion for summary judgment (Dkt. # 89) on the Court's calendar for consideration on Friday, January 6, 2023. The moving parties may file their response on or before Friday, December 30, 2022. Meek's reply, if any, is due on or before the note date.

Dated this 14th day of December, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION FOR EXTENSION OF TIME - 3