1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TORI BELLE COSMETICS, LLC,

Plaintiff,

v.

NATALIE MEEK, *et al.*,

Defendants.

Cause No. C21-0066RSL

ORDER GRANTING IN
PART MOTION TO DISMISS
COUNTERCLAIMS

This matter comes before the Court on "Counterclaim-Defendants Tori Belle Cosmetics, LLC and Laura Hunter's Motion to Dismiss Natalie Meek's Counterclaims." Dkt. # 84. The question for the Court on a motion to dismiss is whether the facts alleged in the pleading sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the pleading. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 1

1
2
3
4
5
6
7
8

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the pleading fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

**A. Wage Claim**

Ms. Meek seeks an award of double damages and attorney's fees under RCW 49.48.030, which states that "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer . . . ."[1] Tori Belle and Ms. Hunter (collectively, "the counterclaim defendants") argue that RCW 49.48.030 is inapplicable because Ms. Meek was an independent contractor, not an employee, as previously admitted by Ms. Meek and found by the Court.

---

[1] There is no mention of double damages in the statute, nor has Ms. Meek provided any other authority for such a claim.

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 2

1

2

**1. Applicability of RCW 49.48.030 Outside the Employment Context**

Ms. Meek relies on *Wise v. City of Chelan*, 133 Wn. App. 167, 174-75 (2006), and

*Sambasivan v. Kadlec Med. Ctr.*, 2012 WL 5208657, 171 Wn. App. 1013 (2012), to argue that

an award of fees under RCW 49.48.030 is available to "any person," including independent

contractors, who recover compensation owed by reason of services provided. Those cases do, in

fact, support that argument, but they are not binding on the Court, the analysis is unpersuasive,

and the Court is convinced that the Washington Supreme Court would reject it. *See King v. Ord.*

*of United Com. Travelers of Am.*, 333 U.S. 153, 158 (1948) ("[F]ederal courts are bound by

decisions of a state's intermediate appellate courts unless there is persuasive evidence that the

highest state court would rule otherwise."); *PSM Holding Corp. v. Nat'l Farm Fin. Corp*., 884

F.3d 812, 828 (9th Cir. 2018) (holding that decisions of state appellate courts are persuasive, not

binding, authority, but that federal courts "should nevertheless follow a published intermediate

state court decision regarding [state] law unless we are convinced that the [state] Supreme Court

would reject it." (citation omitted).

In *Wise*, Division 3 of the Washington Court of Appeals was asked to determine whether

an independent contractor who was awarded unpaid compensation due under a contract was

entitled to attorney's fees under RCW 49.48.030. Relying on a plain language analysis of the

statute, the court noted that an award of fees must be made to "any person" who prevails in an

action for wages or salary owed. Based largely on the "any person" phrase, the court held that

the recipient of the award need not be an employee and that an independent contractor could

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

23

25

26

27

28

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 3

claim fees under the statute. *Wise*, 133 Wn. App. at 174. The court did not address the fact that the statute specifies that such fees "shall be assessed against said employer or former employer." RCW 49.48.030.[2]

The Ninth Circuit rejected *Wise*, noting that all statutory language must be given effect and that RCW 49.48.030 "authorizes an award of attorney fees only against an employer or former employer." *Leslie v. Cap Gemini Am., Inc*., 319 Fed. App'x 689, 691 (9th Cir. 2009). In *Anfinson v. FedEx Ground Package Sys., Inc.*, Division 1 of the Washington Court of Appeals noted that RCW 49.48.030 was part "of the wage statute" and found that in the absence of a judgment for wages under the Minimum Wage Act, a claim for attorney's fees was premature. 159 Wn. App. 35, 73–74 (2010), *aff'd*, 174 Wn.2d 851 (2012). More importantly, the Washington Supreme Court's discussion of RCW 49.48.030 in *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett* starts with the proposition that the purpose of the statute is "to protect employee wages and assure payment" and then presumes that the term "person" refers to employees. 146 Wn.2d 29, 35, 44 (2002). While the Washington Supreme Court has not specifically addressed whether the fee-shifting statute would apply if a non-employee were to obtain a judgment for "wages or salary," courts interpreting RCW 49.48.030 have applied the definition of "wage" set forth in the Minimum Wage Act, which incorporates a requirement that the payment be "compensation due to an employee by reason of employment." *Bates v. City of*

---

[2] *Sambasivan* followed *Wise*, concluding that the reference to an employer "is descriptive rather than a necessary condition for recovery." 2012 WL 5208657, at *9 (unpublished).

*Richland*, 112 Wn. App. 919, 939–40 (2002); RCW 49.46.010(7). Thus, the Court is convinced, based on the language of the relevant statutory provision, the Supreme Court's declaration of legislative intent, and the definitions provided in the surrounding enactments, that the Washington Supreme Court would conclude that RCW 49.48.030 is triggered by a judgment for wages against an employer or former employer.

### 2. Independent Contractor vs. Employee

The counterclaim defendants assert that Ms. Meek has admitted, and the Court has already found, that she was an independent contractor for Tori Belle. The "admission" and "finding" to which counterclaim defendants refer were made in the context of a motion to dismiss, where Tori Belle's allegations were accepted as true for purposes of the analysis. Ms. Meek specifically denied the allegations, reciting them only because it was required under the motion to dismiss standard. Dkt. # 29 at 8 n.1. She therefore reserved the right to contest the veracity of the allegations and has done so here. The counterclaim defendants cannot obtain a summary determination of the claim based on admissions and findings that were, at best, conditional.

### B. Breach of Contract and of the Covenant of Good Faith and Fair Dealing

Ms. Meek alleges that the counterclaim defendants violated their contractual promise to "furnish a high quality" or "salable" product for the Affiliates to sell. Dkt. # 71 at ¶¶ 24 and 26. She further alleges that, in the absence of such a product, it was impossible for the Affiliates to perform their contractual obligations to:

a.    Ethically sell to consumers;

b.    Speak about the product in a positive, non-misleading way;

c.    Attach their personal reputations to transactions; or

d.    Persuade others to become Affiliates and expect a win-win.

Dkt. # 71 at ¶ 25. Ms. Meek asserts that these failures constitute a material breach of the parties' agreement and violated the covenant of good faith and fair dealing, relieving her of any further duty to perform.

Ms. Meek does not identify a contractual provision which obligated Tori Belle to provide a product of any particular quality. The only "agreement" cited is Tori Belle's "Policies and Procedures," which states that the compensation plan for Affiliates "is based on the sale of products and services to end consumers." Dkt. # 71 at ¶ 24 (citing Dkt. # 1-1 at 28). In the absence of an allegation of a contractual duty, the breach of contract claim fails as a matter of law. [3]

The counterclaim relies primarily on the assertion that Tori Belle breached its duty of good faith and fair dealing by failing to provide a high-quality or salable eye lash product.

---

[3] Although not mentioned in the statement of her legal claim, Ms. Meek has alleged facts that would support a claim that she was owed wages under her agreements with Tori Belle and that Tori Belle breached the agreements. *See* Dkt. # 71 at ¶ 13 ("At the time [the Affiliate relationship was terminated], Ms. Meek was owed thousands of dollars. Tori Belle, despite repeated requests, refused to pay what it owes.") and ¶ 19 ("Ms. Meek was owed wages pursuant to her agreement with Tori Belle."). That aspect of a breach of contract claim against Tori Belle will be permitted to proceed. Ms. Meek has not, however, explained how Ms. Hunter could be held liable under a contract to which she was not a party.

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 6

1
2
3
4
5
6
7
8
9

Under Washington law, "[t]here is in every contract an implied duty of good faith and fair dealing" that "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569 (1991). [The parties] agree that the implied covenant of good faith and fair dealing cannot add or contradict express contract terms and does not impose a free-floating obligation of good faith on the parties. Instead, "the duty [of good faith and fair dealing] arises only in connection with terms agreed to by the parties." *Id*.; *Johnson v. Yousoofian*, 84 Wn. App., 755, 762 (1996) ("The implied duty of good faith is derivative, in that it applies to the performance of specific contract obligations. If there is no contractual duty, there is nothing that must be performed in good faith." (citations omitted)).

10
11
12
13
14
15
16
17

In particular, the duty of good faith and fair dealing arises "when the contract gives one party discretionary authority to determine a contract term." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc*., 86 Wn. App. 732, 738 (1997); *see Amoco Oil Co. v. Ervi*n, 908 P.2d 493, 498 (Colo.1995) ("The duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time."). When asked to apply Washington law in this area, the Ninth Circuit concluded that "[g]ood faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses." *Scribner v. Worldcom, Inc*., 249 F.3d 902, 910 (9th Cir. 2001).

18
19
20
21
22
23
23
25
26
27
28

*Rekhter v. State, Dep't of Soc. & Health Servs*., 180 Wn.2d 102, 112–13 (2014). Ms. Meek asserts that Tori Belle retained discretionary authority to determine what type and quality of products it offers to its Affiliates for sale and that it did not exercise that discretion in good faith, thereby precluding Ms. Meek from obtaining the benefits of the bargain. In the circumstances presented here, the imposition of a type or quality standard would improperly inject substantive terms into the parties' contract. *Badgett*, 116 Wn.2d at 569. The parties agreed to a month-to-month relationship through which Affiliates direct market Tori Belle products and Tori Belle

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 7

compensates them for their sales and workforce development. The relevant documents say almost nothing about the products at issue: the one exception is a provision forbidding Affiliates from selling certain products for other companies, including magnetic eyeliner, magnetic mascara, and false eye lashes. Dkt. # 1-1 at 41. Neither the product offerings nor their quality was the subject of the parties' agreement: if Affiliates are unhappy with the nature, type, variety, or quality of the products on offer, they can halt their sales efforts, stop paying their monthly fees, and dissolve the relationship. Giving Affiliates a say in what products Tori Belle offers, the quality of those products, or even whether Tori Belle continues production at all would not be a derivative limitation arising from Tori Belle's contractual obligations but rather a judicial grant of substantive rights to the Affiliates. The Court declines to stretch the duty of good faith and fair dealing that far.

**C. Washington Consumer Protection Act ("CPA") Claim**

The CPA provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. In order to establish a claim under the CPA, Ms. Meek bears the burden of proving the following elements: (1) an unfair or deceptive practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) that injures Ms. Meek in her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531, 535–39 (1986). Ms. Meek asserts that, if the counterclaim defendants deny that they had a duty to develop and sell a high

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 8

quality or salable product, their efforts to persuade people to join the ranks of Affiliates without disclosing that they did not feel duty-bound to provide quality products is unfair and deceptive. The counterclaim defendants do not challenge the adequacy of the allegations regarding the first three elements of a CPA claim, but argue that Ms. Meek has not adequately alleged injury or causation.

An injury cognizable under the CPA is one to "business or property." RCW 19.86.020. Personal injuries such as mental distress or embarrassment are not compensable, *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009), but damage to one's professional reputation can satisfy the fourth element of a CPA claim, *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 317 (1993). Taking the allegations of the counterclaims in the light most favorable to Ms. Meek, she has adequately alleged that the counterclaim defendants' failure to disclose that they were willing to sell products that were not suited for their intended purpose (false lashes that would not stay in place or that affirmatively injured the consumer) misled her into becoming a Tori Belle Affiliate and ultimately injured her reputation. In particular, she alleges that her brand depends on trust, that she cannot be seen promoting snake-oil-type products, and that Tori Belle's 2020 product modifications put her in the position of selling a shoddy product that generated "a bevy of complaints by downline Affiliates and customers." Dkt. # 71 at ¶ 6. The causal connection between the injury to Ms. Meek's brand or reputation and the alleged failure to disclose has been adequately alleged.

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 9

For all of the foregoing reasons, the motion to dismiss Ms. Meek's counterclaims is GRANTED in part and DENIED in part. The wage claim may proceed pending a determination regarding Ms. Meek's status as an employee or an independent contractor, the breach of contract claim may proceed against Tori Belle with regards to the alleged non-payment of amounts due under the compensation agreement, and the CPA claim may proceed. All other counterclaims (or aspects of the counterclaims) are DISMISSED.

Dated this 14th day of February, 2023.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION TO DISMISS COUNTERCLAIMS - 10