UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TORI BELLE COSMETICS LLC,

          Plaintiff,

    v.

NATALIE MEEK, *et al.*,

          Defendants.

Cause No. C21-0066RSL

ORDER GRANTING IN PART
MOTIONS FOR LEAVE TO FILE
ANSWERS

      This matter comes before the Court on the motions of defendants Anna L. Hone, Johnette Rutledge, Kinzie Jones, and Jennifer L. Russo for leave to file answers in the above-captioned matter. Dkt. # 135 and # 139. The Court has evaluated these requests under the *Eitel* factors because, in the absence of an answer, defendants will be deemed to have admitted plaintiff's allegations with regards to liability and would be subject to default judgments. With regards to the responses to plaintiff's allegations, the balance of factors favor granting the motions: an answer to plaintiff's allegations will not unduly prejudice plaintiff, there is a substantial dispute regarding the merits of plaintiff's claim, there are significant funds at stake, material facts are disputed, and the Court prefers to issue decisions on the merits rather than by procedural default.[1] With regards to most of the affirmative defenses asserted by defendants Hone,

---

[1] Defendants have not shown excusable neglect. Plaintiff's willingness to give the parties a 21-day period in which to pursue settlement options back in March 2022 (Dkt. # 136 at 4) was not an

ORDER GRANTING IN PART MOTIONS
FOR LEAVE TO FILE ANSWERS - 1

Rutledge, and Jones, however, the addition of new issues after the close of discovery will unfairly prejudice plaintiff. Many of the defenses are asserted without any factual support, are not affirmative defenses at all (but rather assertions that plaintiff will not be able to prove one or more elements of its claims), and were not raised by other parties. Their introduction at this point in the litigation would deprive plaintiff of the opportunity to investigate or otherwise address the defenses. Only the affirmative defenses that were timely raised by other parties, namely the Fifth Defense (failure to mitigate), Eighth Defense (plaintiff's breach of contract), and Tenth Defense (offset), will be permitted to proceed.[2]

For all of the foregoing reasons, the motion for leave to file an answer submitted by defendants Hone, Rutledge, and Jones (Dkt. # 135) is GRANTED in part. Defendants may file an answer in substantially the same form as Attachment 1 to their motion, but affirmative defenses 1-4, 6, 7, 9, 11-15, and the "Additional Defenses" are hereby STRICKEN. Defendant Russo's motion for leave to file an answer (Dkt. # 139) is GRANTED.

Dated this 6th day of March, 2023.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

"indefinite extension" of the response deadline (Dkt. # 142 at 4) and in no way caused the ten month delay in filing the answers.

[2] Although the First Defense was raised by Scott Seedall in his Answer, it is simply a statement of the motion to dismiss standard and is not an affirmative defense.

ORDER GRANTING IN PART MOTIONS
FOR LEAVE TO FILE ANSWERS - 2