UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORI BELLE COSMETICS, LLC,<br><br>     Plaintiff,<br>  v.<br><br>NATALIE MEEK, *et al.*,<br><br>     Defendants. | CASE NO. 2:21-cv-00066-RSL<br><br>ORDER DISMISSING CLAIMS AGAINST SCOTT R. SEEDALL |

  This matter comes before the Court on an unopposed motion for summary judgment filed on behalf of defendant Scott R. Seedall. Dkt. # 174. Although the motion is untimely, had it not been filed, the Court would have issued an order requiring plaintiff to show cause why its claims against Mr. Seedall should not be dismissed for failure to produce admissible evidence of damages arising from his alleged conspiracy with co-defendants Natalie Meek, Anna Hone, Johnette Rutledge, Kinzie Jones, and/or Jennifer Russo. There being no reason to go to trial on claims that cannot, as a matter of law, be successfully prosecuted, the Court exercises its discretion to consider the untimely motion.

  For the reasons stated in the Order Granting in Part Natalie Meek's Motion for Summary Judgment (Dkt. # 157), plaintiff's damages evidence is inadmissible under Fed.

R. Civ. P. 37(c)(1). Plaintiff has not responded to Mr. Seedall's motion[1] and has again failed to formally request a lesser sanction than exclusion.[2] *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018). It is, therefore, "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (quoting Fed. R. Civ. P. 37(c)(1)).

As discussed in the Court's prior orders, the lack of evidence of damages arising from the wrongful conduct alleged is fatal to each of plaintiff's claims against Mr. Seedall. Tori Belle's claims against this defendant are hereby DISMISSED with prejudice.

Dated this 22nd day of September, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff Tori Belle has filed for bankruptcy.

> The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 337–38 (9th Cir. BAP 1994). This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor. *Martin–Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989).

*In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011).

[2] Even if a request for a lesser sanction had been made, the evidence at issue would require the jury to speculate regarding the amount of damages caused by these defendants' individual or collective actions. *See* Dkt. # 157 at 11 n.6.

ORDER DISMISSING CLAIMS AGAINST SCOTT R. SEEDALL - 2